IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Weddington, #320238 ) | |
| ) | Civil Action No. 8:08-1652-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| South Carolina Department of ) | |
| Corrections, and Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment. (Dkt. # 9.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action in state court on March 3, 2007. The defendants removed the action to this Court on April 18, 2008. (Dkt. # 1.) On July 1, 2008, the defendant filed a motion for summary judgment. (Dkt. # 9.) On July 3, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to

adequately respond to the motion. (Dkt. # 10.) The plaintiff filed an affidavit in opposition to the defendant's summary judgment motion on July 23, 2008.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-

moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The defendants the South Carolina Department of Corrections ("SCDC") and the Lee Correctional Institution ("LCI") are not persons amenable to suit under § 1983. As to SCDC, it is well-settled that an agency of the state is not a person within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the defendant the SCDC should be dismissed from this action.

The LCI is also not a person subject to suit pursuant to § 1983. The LCI is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir.1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983 ); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a

person amenable to suit."). Accordingly, LCI is not a proper party defendant in this § 1983 action and should also be dismissed as a defendant.[1]

In any event, the plaintiff also has failed to state an excessive force claim. The plaintiff alleges that he was dragged outside for thirty feet on concrete in a cold rain while he was dressed in only boxer shorts. (Compl. at 1-2.) He alleges he was being taken to the Special Management Unit ("SMU"). The plaintiff alleges he could not walk and Major Dean ordered officers to drag the plaintiff if he did not walk. (Pl.'s Mem. Opp. Summ. J. Mot. 1.) He states his shower shoes came off and his feet were scraped causing his feet to bled and his back to hurt. (*Id*. at 2; Compl. at 2.) He is seeking to have the charges related to this incident dropped, the cost of this suit, and damages for pain and suffering. (Compl. at 2.)

To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the

---

[1] The complaint also alleges possible constitutional torts by persons who are not named as defendants, Major Dean and Captain Newton. However, given the recommended disposition of this complaint, it would be futile to direct that they be added as parties in this action.

inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

In the record there is no evidence, medical or otherwise, that the plaintiff suffered anything but de minimis injuries. In his response to the defendants' motion, the plaintiff concedes that he did not report any injuries to the nurse and he should have reported the injuries. He states that he "was not thinking and [he] agrees with [the defendants'] lawyer that he didn't have enough evidence." (Pl.'s Mem. Opp. Summ. J. Mot. at 2.) The plaintiff has not offered any evidence other than his own conclusory allegations that he was injured. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985)(conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.). However, even assuming the plaintiff suffered the injuries which he alleges, scraped feet and back pain, he has alleged only de minimis injuries. If a prisoner's injuries are de minimis, then the prisoner's excessive force claim fails as a matter of law. *Norman,* 25 F.3d at 1262. Accordingly, based on the foregoing, the defendants should be granted summary judgment.

**State Law Claims**

To the extent that the plaintiff states additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended

that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (# 9) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

*/s/ Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 21, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).